IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JESUS FIERRO, et al.,           )
                                )
            Plaintiffs,         )
                                )
      v.                        )       1:25cv416
                                )
ZACHARY TAYLOR HAMMER, et al.,  )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on "Defendants' Motion to Dismiss" (Docket Entry 8) (the "Motion") filed by VMT Transportation, LLC ("VMT") and its employee, Zachary Taylor Hammer ("Defendant Hammer") (collectively, the "Defendants"). For the reasons that follow, the Court should grant the Motion.

### BACKGROUND

Relying on this Court's diversity jurisdiction, Jesus and Erika Fierro (the "Plaintiffs"), Texas residents, sued Defendants, North Carolina residents, for negligence following an automobile collision in Tennessee. (See Docket Entry 1 (the "Complaint") at 1–4.)[1] According to the Complaint, filed May 23, 2025 (see id. at 1):

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

> On or about May 23, 2022, in Jackson, Madison County, Tennessee, Defendant Hammer was travelling westbound on I-40 while simultaneously Plaintiffs were travelling behind Defendant [Hammer]. Suddenly and without warning, Defendant Hammer lost control of his eighteen-wheeler and collided into a concrete barrier causing Plaintiff[s] to collide into Defendant[ Hammer's] vehicle. At the time of the collision, Defendant Hammer was employed by [VMT] and acting within the course and scope of said employment.
>
> As a result of the collision, Plaintiffs suffered serious bodily injuries, [including] aggravation[s] of pre-existing conditions.

(Id. at ¶¶ 8-9 (paragraph numbering and all-caps font omitted).)

Asserting that the applicable statute of limitations bars Plaintiffs' claims (see, e.g., Docket Entry 9 at 2), Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") (see Docket Entry 8 at 1). Contending that their claims qualify as timely, Plaintiffs opposed the Motion. (See Docket Entry 11 at ¶ 1; see also Docket Entry 13 (replying to Plaintiffs' response in opposition).)

## DISCUSSION

### I. Relevant Standards

In ruling on a Rule 12(b)(6) motion, the "[C]ourt evaluates the complaint in its entirety . . . ." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). The Court also "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2

Rule 12(b)(6) "tests the sufficiency of a complaint . . . [and] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (emphasis added). Nevertheless, dismissal remains "appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). "'A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading,' rendering dismissal appropriate." Id. (quoting 5A Wright & Miller's Federal Practice & Procedure § 1357, at 352 (2d ed. 1990)).

"When sitting in diversity, a federal court must apply the law of the forum state as it is interpreted by the state's highest court." Moore v. Equitrans, L.P., 27 F.4th 211, 220 (4th Cir. 2022) (internal quotation marks omitted). "If the state's highest court does not provide an answer, then [the C]ourt must seek guidance from [the] intermediate state court." F.D.I.C. ex rel Co-op Bank v. Rippy, 799 F.3d 301, 310 (4th Cir. 2015).

## II. Analysis

Relying on North Carolina General Statute Section 1-21 ("Section 1-21"), Defendants assert that, because Plaintiffs reside outside North Carolina, Tennessee's one-year statute of limitations

for personal injuries, see Tenn. Code § 28-3-104(a)(1), applies to Plaintiffs' claims, rendering them untimely. (See Docket Entry 9 at 5.) Conversely, Plaintiffs maintain that, because Defendants reside in North Carolina, Section 1-21 requires the application of North Carolina's three-year statute of limitations for personal injuries, see N.C. Gen. Stat. § 1-52(5). (See generally Docket Entry 11.) Defendants' position should prevail.

As noted above, "[w]hen sitting in a diversity action, th[is C]ourt must apply the law of the forum, including its choice of law rules." Fortress Re, Inc. v. Central Nat'l Ins. Co. of Omaha, 766 F.2d 163, 165 (4th Cir. 1985). "Under North Carolina choice of law rules, [courts] apply the substantive law of the state where the cause of action accrued and the procedural rules of North Carolina." Martin Marietta Materials, Inc. v. Bondhu, LLC, 241 N.C. App. 81, 83, 772 S.E.2d 143, 145 (2015) (internal quotation marks omitted). However, the North Carolina "General Assembly provided a legislative exception to th[at] traditional rule by enacting [Section 1-21]," George v. Lowe's Cos., Inc., 272 N.C. App. 278, 280, 846 S.E.2d 787, 788 (2020), disc. rev. denied, 378 N.C. 372, 860 S.E.2d 919 (2021), which applies to "claim[s] arising in another jurisdiction," id.

More specifically, Section 1-21 contains a tolling provision, which stays the running of the statute of limitations for claims involving defendants not subject to jurisdiction in North Carolina,

4

and a borrowing provision, which applies to certain claims arising outside North Carolina, as follows:

> If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.

N.C. Gen. Stat. § 1-21.

After Section 1-21's enactment, "however, it became evident that where a defendant was [located outside North Carolina but nevertheless] subject to [its] jurisdiction . . . , there was no need to toll the statute of limitations." George, 272 N.C. App. at 281, 846 S.E.2d at 788-89 (citation omitted). Accordingly,

> [t]he [North Carolina] General Assembly [in 1979] modified [Section 1-21] to reflect this realization by adding a second paragraph: "The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of N.C. Gen. Stat. § 1-75.4."

Id., 846 S.E.2d at 789 (brackets omitted) (quoting N.C. Gen. Stat. § 1-21). "This newly added language gave rise to the argument that . . . the second paragraph invalidated both the tolling and the borrowing provisions." Id. Rejecting such interpretation, North

5

Carolina courts have consistently "recognized that what the [state] legislature intended was for the second paragraph to nullify the *tolling* provision of [Section] 1-21, not to nullify the *borrowing provision* of the statute." Id. (internal quotation marks omitted). "Personal jurisdiction over defendants . . . , standing alone, [therefore], is not sufficient to place [an] action outside [Section] 1-21." Glynn v. Stoneville Furniture Co., 85 N.C. App. 166, 169, 354 S.E.2d 552, 553 (1987), disc. rev. denied, 320 N.C. 512, 358 S.E.2d 518 (1987). A "[p]laintiff must also be a resident of [North Carolina] at the time his action originally accrued in order to maintain an action in the courts of [North Carolina] which is barred by the laws of the jurisdiction in which it arose." Id.

Accordingly, "[a]fter careful review of [North Carolina] precedent, the instant case is straightforward." George, 272 N.C. App. at 282, 486 S.E.2d at 789. The Complaint reveals that Plaintiffs reside in Texas, Defendants reside in North Carolina, and the collision occurred in Tennessee. (See Docket Entry 1 at ¶¶ 1-4, ¶ 8.)[2] Tennessee law afforded Plaintiffs one year from the collision to bring suit. See Tenn. Code § 28-3-

---

2  Public records also confirm that Plaintiffs qualified as Texas residents at the time of the collision. See El Paso Cent. Appraisal Dist. (Nov. 19, 2025, at 8:40:45 MST), https://epcad.org/Search/Details/74989/2026 [https://perma.cc/EP28-PS2U] (choose "History"; then choose "Deed History" from dropdown) (confirming Plaintiffs resided at the address listed in the Complaint (see Docket Entry 1 at 5) since 2017).

6

Case 1:25-cv-00416-UA-LPA   Document 15   Filed 11/21/25   Page 6 of 9

104(a)(1). Plaintiffs instead waited three years. (See Docket Entry 1 at ¶ 8 (noting collision "[o]n or about May 23, 2022"), 1 (stamped as filed May 23, 2025).) "Plaintiff[s] failed to timely file [their] action, . . . [which] bars [their] claim[s] not only in [Tennessee], but also in North Carolina." George, 272 N.C. App. at 282, 486 S.E.2d at 789. Therefore, "because Plaintiff[s were] not [] resident[s] of [North Carolina] at the time [their] cause of action originally accrued, and [their] claim[s are] barred in [Tennessee], the jurisdiction in which the[y] arose, Plaintiff[s'] claim[s are] also barred in [North Carolina] pursuant to [Section] 1-21." Id. (brackets and internal quotation marks omitted).

Nevertheless, Plaintiffs assert without supporting authority that precedent from the North Carolina Court of Appeals "is not mandated authority on this Court" (Docket Entry 11 at ¶¶ 17-18)[3]

---

3 Plaintiffs instead rely first on North Carolina Supreme Court decisions (see Docket Entry 11 at ¶ 13 (citing Merchants & Planters Nat'l Bank of Sherman v. Appleyard, 238 N.C. 145, 77 S.E.2d 783 (1953), and Hill v. Lindsay, 210 N.C. 694, 188 S.E. 406 (1936)) decided decades before the addition of Section 1-21's second paragraph and relevant only to the statute's tolling provision and, second, federal district court decisions (see id. at ¶¶ 5-6, ¶ 8, ¶¶ 13-14 (citing Stokes v. Southeast Hotel Props., Ltd., 877 F. Supp. 986 (W.D.N.C. 1994)), ¶ 7 (citing Smith v. Cessna Aircraft Co., 571 F. Supp. 433 (M.D.N.C. 1983)), ¶ 10 (citing Snyder v. Wylie, 239 F. Supp. 999 (W.D.N.C. 1965)), ¶¶ 12-13, ¶¶ 16 (citing Cochrane v. Turner, 582 F. Supp. 971 (W.D.N.C. 1983)) that prove unpersuasive, see, e.g., Snyder, 239 F. Supp. at 1003 (imposing a requirement on Section 1-21 that the North Carolina Supreme Court rejected the following year, see Little v. Stevens, 267 N.C. 328, 334, 148 S.E.2d 201, 205 (1966)), and, as a general matter, do not constitute "binding precedent," Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) (internal quotation marks
(continued...)

7

because "[t]he North Carolina Supreme Court has not adopted [those decisions]" (Id.). This argument misses the mark.

"[B]ecause North Carolina currently has no mechanism for [federal courts] to certify questions of state law to its Supreme Court, [the Court] must follow the decision[s] of an intermediate appellate state court unless there is persuasive data that the [state's] highest court would decide differently." Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013) (internal quotation marks and citation omitted). Repeatedly, and across many decades, the Supreme Court of North Carolina has declined to review decisions by the North Carolina Court of Appeals construing Section 1-21's second paragraph as applying only to the tolling provision and holding that plaintiffs invoking the North Carolina statute of limitations must qualify as North Carolina residents "at the time [their] action originally accrued," Glynn, 85 N.C. App. at 169, 354 S.E.2d at 553. See, e.g., George, 272 N.C. App. at 281-82, 846 S.E.2d at 789; Laurent v. USAir, Inc., 124 N.C. App. 208, 211-12,

---

3(...continued)
omitted), on the Court. Instead, and as stated above, the Court "must determine issues of state law as it believes the highest court in [North Carolina] would determine them," Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 578 n.7 (D.S.C. 2003) (internal quotation marks omitted), aff'd sub nom., Bessinger v. Food Lion, LLC, 115 F. App'x 636 (4th Cir. 2004), including by adhering to decisions from the "intermediate appellate state court . . . which [are] not to be disregarded by [the C]ourt unless it is convinced by other persuasive data that the highest court of the state would decide otherwise," West v. American Tel. & Tel. Co., 311 U.S. 223, 237 (1940).

476 S.E.2d 443, 446 (1996), disc. rev. denied, 346 N.C. 178, 486 S.E.2d 205 (1997); Glynn, 85 N.C. App. at 169, 354 S.E.2d at 553-54; Stokes v. Wilson & Redding L. Firm, 72 N.C. App. 107, 113, 323 S.E.2d 470, 475 (1984), disc. rev. denied, 313 N.C. 612, 332 S.E.2d 83 (1985). "[T]hat [the North Carolina Supreme C]ourt denied discretionary review in [those] cases[] indicat[es] . . . its acceptance of the[ir] rulings." Knibbs v. Momphard, 30 F.4th 200, 232 (4th Cir. 2022) (emphasis omitted).

Under these circumstances, the Court should follow the well-established precedent from the North Carolina Court of Appeals, pursuant to which Tennessee's one-year statute of limitations applies to Plaintiffs' claims.

## CONCLUSION

Under Section 1-21, the Tennessee statute of limitations bars Plaintiffs' claims.

**IT IS THEREFORE RECOMMENDED** that the Motion (Docket Entry 8) be granted.

This 20th day of November, 2025.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                              **United States Magistrate Judge**